838 F.2d 465
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Nolan K. BARZEE, Deborah A. Barzee, Plaintiffs-Appellants,
v.
George Howard TRAMMEL, Jr., Peggy A. Trammel, Martha Trammel
Cowan, Florence Trammell, Linden McWashington, Thompson Oil
Company, Inc., Caryle & Anderson, Inc., William Kephart,
First National Bank of Purceville, now First American Bank,
J.R. Hardy, Marilyn P. Watson, Gordon P. Peyton, Loudoun
Memorial Hospital, Defendants-Appellees.
 No. 86-1264.
 United States Court of Appeals, Fourth Circuit.
 Nov. 2, 1987.
 
 Q. Russell Hatchl for appellants.
 Thomas Wood Murtaugh for appellees.
 Before WIDENER and CHAPMAN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 WIDENER, Circuit Judge:
 
 
 1
 Nolan and Deborah Barzee appeal from an order of the district court affirming a decision of the bankruptcy court which upheld George and Peggy Trammel's homestead exemption of certain escrowed funds. We hold that the Trammels were not entitled to exempt the escrowed money and we vacate and remand.
 
 
 2
 George Trammel owned a one-third undivided interest in a parcel of real estate as a tenant-in-common. His two sisters owned the other two-thirds interest. On July 30, 1987, Trammel and wife, together with Trammel's sisters, executed a deed conveying the parcel to the Barzees. The property was the subject of some nine judgment liens docketed against Mr. Trammel's one-third interest. Additionally, at the time the conveyance was made, the Trammels had decided to file a bankruptcy petition. In light of these facts, the Trammels and Barzees entered into negotiations regarding the proper disposition of Trammel's share of the purchase price. At the settlement of the transaction held October 5, 1984, the parties entered into the following handwritten agreement:
 
 
 3
 It is agreed that $5,242.87 shall he held in escrow by Marilyn Watson, attorney, for the benefit of George Trammel pending order of the U.S. Bankruptcy Court.
 
 
 4
 Of the sum of $5,242.87, $566.66 is due and owing to House of Lords, Inc. for real estate commission.
 
 10-5-84
 
 5
 /s/ Thomas Murtaugh [for the Trammels]
 
 
 6
 /s/ Royce Lee Givens for Buyer Barzee
 
 
 7
 On October 29, 1984, the Trammels filed a homestead deed in which Mr. Trammel exempted $4,526.00 of the escrowed funds. Nine days later, the Trammels filed a petition for relief under Chapter 7 of the Bankruptcy Reform Act of 1978, 11 U.S.C. Sec. 701 et seq. (the Code), claiming as exempt under 11 U.S.C. Sec. 522(b)(2)(A) their interest in the funds held in escrow.
 
 
 8
 The Barzees filed an adversary proceeding in the bankruptcy court challenging the Trammels' exemption as well as seeking equitable relief. For the purposes of our decision, we need only address the bankruptcy court's determination concerning the Trammels' exemption. In that court, the Trammels argued that the purpose of the October 5th agreement was merely to place the escrowed funds in trust for their benefit in order to protect the funds from creditors pending their anticipated discharge in bankruptcy. The bankruptcy court properly held that the written agreement was ambiguous and incomplete under the parole evidence rule under Virginia law, and took oral evidence as to its meaning. It rejected the Trammels' contention and found it "inconceivable that a buyer who knew that nine judgment liens encumbered the subject property would proceed with settlement without either some assurance that the liens would be satisfied, or without an appropriate reduction in the purchase price." Therefore, the bankruptcy court credited the Barzees' construction of the terms of the October 5th agreement and found that the Barzees' promise to place the funds in escrow was made in exchange for the Trammels' promise to make good on the covenants of title contained in the deed.[1]
 
 
 9
 Thus, the bankruptcy court explicitly found that the Barzees' construction of the escrow agreement was the correct interpretation. Nevertheless, it decided that Trammel effectively exempted the funds held in escrow, to the extent of his allowable exemption, for it also reasoned that the Barzees had incorrectly interpreted bankruptcy law and entered into the October 5th agreement with the mistaken belief that 11 U.S.C. Sec. 522(f) of the Code would have allowed the Trammels to avoid the judgment liens not only as to themselves, but also as to the subject property. Therefore, according to the bankruptcy court, the Barzees intended the October 5th agreement to do something it could not; namely, to withhold the proceeds of sale until the Trammels freed the property from encumbrances. And, while that court recognized that the Barzees' plight was compelling, it stated it had no alternative but to require them to bear the burden of their bargain.
 
 
 10
 While we agree with the bankruptcy court's finding regarding the construction of the escrow agreement, and also with its conclusion concerning the inability of a debtor to extinguish liens against property sold prior to the filing of a homestead deed and a petition for relief in the bankruptcy court, we cannot accept its determination that the Trammels' homestead deed and subsequent Chapter 7 petition properly exempted the funds held in escrow.
 
 
 11
 We are of opinion that, since the Trammels and the Barzees placed the funds in escrow in order to gain assurance that the liens would be satisfied, that was the equivalent of placing them in trust, and the Trammels did not retain a sufficient interest in those funds to be able to file a homestead deed as to them. How the Trammels may have proposed to satisfy the liens (i.e., either by planning to pay the judgment creditors or by erroneously believing they could totally discharge the liens in bankruptcy) is irrelevant. They placed the funds beyond Trammel's control, at least to the extent of the liens, when the agreement of October 5th was signed, and the only interest in that fund Trammel retained to homestead was any amount remaining after the payment of the liens. The bankruptcy court found that the Barzees bargained for the assurance that the liens would be satisfied and the only construction of the agreement demonstrating fidelity to this finding is that the Barzees paid the funds into escrow in order to have them applied first to the judgment creditors' claims if the liens were not otherwise satisfied.
 
 
 12
 Accordingly, the judgment of the district court is vacated and the case is remanded for proceedings consistent with this opinion.
 
 
 13
 VACATED AND REMANDED.
 
 
 
 [1]
 The Bankruptcy Court found that the purchase price reflected the fair market value of the land. Moreover, the district court acknowledged that the Barzees were aware before entering into the contract that the Trammels contemplated a Chapter 7 filing. Therefore, this sale of property was an arms length transaction between the parties and no issue of fraud is in the case. See 11 U.S.C. Sec. 548